IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

V.                                4:20-CR-00286-02 BRW

JEREMIE SPENCER

### ORDER

Pending are Defendant's Motion to Suppress (Doc. No. 97) and Supplemental Motion to Suppress (Doc. No. 115). The Prosecution has responded.[1] On Thursday, February 29, 2024, I held a hearing regarding the motions. After considering the arguments and the evidence presented during the hearing, I am fully advised in the premises. For the reasons set out below, the motions are DENIED.

I.  BACKGROUND

On July 30, Arkansas State Police Trooper David Hamilton was traveling east on Interstate 40 when he saw a maroon passenger car, also traveling east. A license plate check revealed that the vehicle had traveled through Arizona on July 26, 2020. Trooper Hamilton saw a gray passenger car, driven by Defendant, traveling the same direction. The computer system revealed that it had traveled through Arizona on July 26, 2020.

In his rearview mirror, Trooper Hamilton saw Defendant make an improper lane change in front of another vehicle. He slowed down to let Defendant pass and got behind him. As he was following Defendant, Trooper Hamilton saw Defendant follow too closely behind another

---

[1]Doc. No. 27.

1

vehicle. He waited until he and Defendant passed other troopers who were on the side of the roadway, so he would have ready access to backup, before he stopped Defendant's vehicle.

After Trooper Hamilton approached the vehicle and Defendant rolled down his window, he smelled a strong odor of marijuana. He asked Defendant to step out of the vehicle and asked him about the odor while they were standing in front of his patrol car. Defendant replied that he had smoked some marijuana earlier in the day at a hotel in Oklahoma.

Another trooper arrived on the scene. Because of the smell of marijuana, the troopers decided to search the vehicle and took the keys from Defendant. Trooper Hamilton and the other trooper searched the vehicle. During the search they located a large black suitcase in the trunk. In the lining of the suitcase, they found ten bundles of suspected methamphetamine, a large bag of marijuana, and THC edibles. A small jar of marijuana and THC edibles were also found in the backseat of the vehicle. Defendant was taken into custody.

In his motions, Defendant asserts that the evidence must be suppressed because Trooper Hamilton lacked probable cause to initiate the traffic stop and lacked probable cause to search the vehicle based on the smell of marijuana.

## II. DISCUSSION

### A. Probable Cause for Traffic Stop

As noted, Defendant argues that Trooper Hamilton lacked probable cause to stop his vehicle. The Prosecution responds that Officer Hamilton's observation of the traffic violations were sufficient to support the stop.

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."[2] A "seizure"

---

[2] U.S. Const. Amend. IV.

occurs when a government actor intentionally terminates or restricts a person's freedom of movement.³ A traffic stop is such a restriction.⁴ A traffic stop, therefore, "must be reasonable to survive constitutional scrutiny."⁵

A traffic stop is reasonable if a police officer has probable cause to believe that a traffic violation occurred.⁶ "Probable cause is a reasonable ground for belief of guilt."⁷ Probable cause exists when a police officer observes a traffic violation, however minor.⁸ But observation of the traffic violation is not required; probable cause also exists "when a reasonable officer, confronted with the facts known to the officer at the time of the stop, could have believed that there was a fair probability that a violation of law had occurred."⁹

If a traffic stop is unreasonable, the Fourth Amendment requires that any evidence procured during that stop must be suppressed at trial, lest "a denial of the constitutional rights of the accused" occurs.¹⁰ Our Constitution's disdain for such illegally obtained evidence is so great that our courts refer to it as "fruit of the poisonous tree."¹¹

---

³*Brendlin v. California*, 551 U.S. 249, 254 (2007).

⁴*United States v. Martinez*, 358 F.3d 1005, 1009 (8th Cir. 2004).

⁵*Id.*

⁶*United States v. Andrews*, 454 F.3d 919, 921 (8th Cir. 2006) (citing *Whren v. United States*, 517 U.S. 806, 810 (1996)).

⁷*Brinegar v. United States*, 338 U.S. 160, 175 (1949) (citations and internal quotation marks omitted).

⁸*United States v. Sallis*, 507 F.3d 646, 649 (8th Cir. 2007) (citations omitted).

⁹*Andrews*, 454 F.3d at 921 (citations omitted).

¹⁰*Mapp v. Ohio*, 367 U.S. 643, 648 (1961) (quoting *Weeks v. United States*, 232 U.S. 383, 398 (1914)).

¹¹See, e.g., *United States v. Durant*, 730 F.2d 1180, 1182 (8th Cir. 1984) (quoting *Wong Sun v. United States*, 371 U.S. 471, 484–85 (1963)).

The reasonableness analysis of a traffic stop turns on the probability of whether a traffic violation occurred, so a police officer's subjective motivation for initiating the stop has no bearing.[12] The standard is whether the conduct is "objectively justifiable behavior under the Fourth Amendment."[13] When a police officer observes a driver violating the traffic code, that standard is satisfied.[14]

Defendant argues that no improper lane change occurred because it was not visible in the dashcam video. However, Trooper Hamilton explained that he saw the improper lane change in his rearview mirror. The improper lane change was simply not in the view of the dashcam.

Defendant contends that the video shows that Defendant did not follow a car too closely. While I agree it is not clear in the video, Trooper Hamilton testified that his view from the driver's seat of his patrol car is higher and to the left of the the dashcam, which is located on the dash in the center of the vehicle. This different angle allowed him to see the vehicle in front of Defendant's car. Even if the distance between the vehicles did not constitute an actual violation of the law, Trooper Hamilton had an objectively reasonable belief that Defendant had committed a traffic violation.[15] Additionally, Defendant admitted he was following too closely when Trooper Hamilton questioned him about it during the stop.

Trooper Hamilton was credible. Based on his testimony and the dashcam video, he had probable cause to believe that Defendant committed the traffic violations. Although the dashcam video did not show the improper lane change and did not clearly show Defendant follow another

---

[12]*Whren*, 517 U.S. at 813.

[13]*Id.* at 812.

[14]*Id.* at 819.

[15]Ark. Code Ann. § 27-51-305(a) ("The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having regard for the speed of vehicles and the traffic upon and the condition of the highway.").

vehicle, Trooper Hamilton provided a credible explanation for any inconsistencies with the video. Accordingly, Defendant's motion to suppress is denied.

### B. Search of the Vehicle

Next, Defendant contends that Trooper Hamilton lacked probable cause to conduct a warrantless search of the vehicle. He argues the odor of marijuana alone no longer provides probable cause to search a vehicle because medical marijuana is legal in Arkansas. I disagree.

The Eighth Circuit "has held numerous times that the smell of marijuana coming from a vehicle during a proper traffic stop gives an officer probable cause to search for drugs."[16] Regardless of whether the odor of marijuana is faint or strong, the odor combined with credible testimony of an officer justifies the search of a vehicle and its contents.[17] That precedent is controlling in the Eighth Circuit.

Additionally, after the passage of Amendment 98 to the Arkansas Constitution in 2016, which legalized medical marijuana in the state, Arkansas courts have continued to hold that the odor of marijuana justifies a vehicular search.[18]

Defendant points to several facts that call into question whether Trooper Hamilton actually smelled marijuana. First, Defendant notes that Trooper Hamilton was wearing a medical mask during the traffic stop, which would have hindered his ability to smell. However,

---

[16]*United States v. Smith*, 789 F.3d 923, 928 (8th Cir. 2015); *United States v. Williams*, 955 F.3d 734, 737 (8th Cir. 2020) ("We have repeatedly held that the odor of marijuana provides probable cause for a warrantless search of a vehicle under the automobile exception."); *United States v. Nava*, No. 23-1132, 2023 WL 8368641, at 2 (8th Cir. Dec. 4, 2023).

[17]*Smith*, 789 F.3d at 929.

[18]See *Colen v. Arkansas*, 643 S.W.3d 274, 280 (Ark. App. 2022) ("[W]e have held that the odor of marijuana coming from a vehicle is sufficient to arouse suspicion and provide probable cause for the search of that vehicle.").

Trooper Hamilton credibly testified that the high quality of the marijuana found in Defendant's car emits a very strong odor that penetrates a medical mask.

Second, counsel for Defense questioned Trooper Hamilton about the difference between the smell of burnt and raw marijuana. Defense counsel noted the smell was different and since Defendant had admitted smoking earlier, Trooper Hamilton's assertion that he smelled raw marijuana was inconsistent with his contention that Defendant reeked of apparently smoked marijuana. However, Trooper Hamilton credibly testified that the new forms of high grade marijuana, which Defendant possessed, are so potent that the distinction between the odor of burnt and raw marijuana is not appreciable. He simply smelled the strong odor of marijuana.

Third, Defendant pointed to the fact that Trooper Hamilton immediately searched the trunk of the car, instead of the passenger area, where the marijuana he smelled would presumably be located. Trooper Hamilton testified that he searched the trunk first because he was closest to that area at the time. That is a reasonable explanation.

Having smelled marijuana inside Defendant's car, Trooper Hamilton had sufficient probable cause under Arkansas law and Eighth Circuit precedent to search the vehicle and its contents. Accordingly, Defendant's supplemental motion to suppress is denied.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant's Motion to Suppress (Doc No. 97) and Supplemental Motion to Suppress (Doc. No. 115) are DENIED.

IT IS SO ORDERED this 7th day of March, 2024.

                                                BILLY ROY WILSON
                                          UNITED STATES DISTRICT JUDGE